# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A09-00623-DMD<br><br>ADAK FISHERIES, LLC,<br><br>Debtor. | Chapter 7<br><br>**Filed On 12/30/10** |
| MUIR MILACH MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH BATTLEY, TRUSTEE and CITY OF ADAK,<br><br>Defendants. | Adversary No. A10-90018-DMD |

## SUMMARY JUDGMENT MEMORANDUM

This is an action to determine the validity, priority and extent of two statutory liens. It is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K). Jurisdiction arises under 28 U.S.C. § 1334(b) and the district court's order of reference. The City of Adak's motion for partial summary judgment will be denied. The plaintiff's cross-motion for summary judgment will be granted, in part. An interlocutory order will be entered. No final judgment will be entered until all remaining issues have been resolved at trial.

Background

Adak Fisheries was a shore-based fish processor located on Adak Island in the Aleutians. At one time the business was profitable. It collapsed during the 2009 fishing season leaving over $16 million in unpaid claims.[1] Adak filed for chapter 11 relief on September 11, 2009.[2] After prolonged wrangling among the parties in interest, this court entered an order approving a sale of the debtor's assets, free and clear of certain liens.[3] All disputed liens attached to the proceeds of sale.[4] The estate received $488,000.00 in sale proceeds for the processing facility from Adak Seafood, LLC.

The case was converted to a chapter 7 proceeding on February 23, 2010.[5] Following conversion, I approved a settlement between a Korean fish buyer, SeOil, and the chapter 7 trustee which allowed the bankruptcy estate to receive an additional $117,250.20.[6] The funds were fish sale proceeds that had been escrowed prepetition pending resolution of a dispute between SeOil and the debtor.

---

[1] The debtor's scheduled debts totaled $16 million. *See* Schedules D, E and F, filed Oct. 1, 2009 (Docket No. 72), in *In re Adak Fisheries, LLC*, Main Case No. A09-00623-DMD. $18.4 million in claims have been filed.

[2] Chapter 11 Voluntary Petition, filed Sept. 11, 2009 (Docket No. 1), in Main Case No. A09-00623-DMD.

[3] Order Granting Debtor's App. to Sell Adak Plant Free and Clear of Liens, entered Nov. 12, 2009 (Docket No. 149), in Main Case No. A09-00623-DMD.

[4] *Id.* at 3-4.

[5] Order Converting Case Under Ch. 11 to Case Under Ch. 7, entered Feb. 23, 2010 (Docket No. 199), in Main Case No. A09-00623-DMD.

[6] Judgment Granting App. to Approve Compromise of SeOil Litigation, entered May 12, 2010 (Docket No. 223), in Main Case No. A09-00623-DMD.

Both the plaintiff, Muir Milach Management, LLC ("Muir"), and the defendant City of Adak ("City") claim a lien against the funds in the bankruptcy estate. The City filed its initial proof of claim on October 5, 2009,[7] and an amended claim on August 20, 2010.[8] Its claim has both secured and unsecured components. The secured portion of the City's claim is based on a notice of claim of city tax lien, recorded on April 23, 2009, for delinquent sales taxes which had accrued between April 30, 2006, and April 30, 2009.[9]

Muir filed its claim, for the sum of $417,289.38, on December 21, 2009.[10] While the face page of the proof of claim did not indicate that Muir's claim had both secured and unsecured components, documents attached to the claim indicate that Muir had recorded a notice of claim of fishermen's lien on May 6, 2009.[11] The lien was for fish delivered to the debtor from March 17 to April 5, 2009.[12] It is significant to note that the fish deliveries preceded the date that the City recorded its tax lien, on April 23, 2009.

Muir initiated this adversary proceeding on July 10, 2010, against the City and chapter 7 trustee Kenneth Battley.[13] The City moved for partial summary judgment on

---

[7] Proof of Claim No. 21, filed Oct. 5, 2009, in Main Case No. A09-00623-DMD.

[8] Proof of Claim No. 114, filed Aug. 20, 2010, in Main Case No. A09-00623-DMD.

[9] *Id.*, Ex. 2.

[10] Proof of Claim No. 58, in Main Case No. A09-00623-DMD.

[11] *Id.*, at 43-44.

[12] *Id.* at 45-56.

[13] Compl. to Determine Validity and Priority of Lien, filed Jul. 10, 2010 (Docket No. 1).

October 28, 2010.[14] It seeks a determination that its sales tax lien has priority over Muir's fishermen's lien. Its motion does not seek to liquidate the precise amount of its lien, however, leaving that matter for trial.[15] Muir has opposed the City's motion and filed a cross-motion for summary judgment alleging that its fisherman's lien has priority over the City's sales tax lien.[16] The trustee has conditionally opposed both motions.[17] He says the determination of lien priority between the City and Muir can be made at this time, but all other issues should be reserved for trial. He also notes that Adak Seafood, LLC, claims an interest in the sale proceeds being held by the bankruptcy estate as well, and has filed a separate adversary proceeding against him to determine this issue.[18] Battley contends no final judgment should be entered in the instant case until the issue of Adak Seafood, LLC's, interest in the funds has been determined.

Analysis

Fed. R. Civ. P. 56, made applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7056, provides that summary judgment should be entered "if the pleadings, the

---

[14] Mot. for Part'l Summ. J., filed Oct. 28, 2010 (Docket No. 15).

[15] Mem. in Supp. of Mot. for Part'l Summ. J., filed Oct. 28, 2010 (Docket No. 15), at 1-2.

[16] Opp'n to City's Mot. for Summ. J. and Cross-Mot. for Summ. J., filed Nov. 3, 2010 (Docket No. 16). One of Muir's arguments is that no tax lien should arise from the transactions encompassed in the City's proof of claim. The City has responded that the debtor previously filed returns which recognized its sales tax liability under similar circumstances. This issue is reserved for trial.

[17] Trustee's Cond'l Opp'n to Mots. for Summ. J., filed Nov. 18, 2010 (Docket No. 18).

[18] *Adak Seafood, LLC, v. Adak Fisheries, LLC,* Adversary Case No. A10-90005.

discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."[19] Here, the material facts pertinent to the issue of lien priority are not disputed.

The relative priority of the two liens is determined under state law, by application of provisions in the Alaska Statutes. AS 29.45.700 authorizes cities within and outside of boroughs to levy and collect sales and use taxes "in the manner provided for boroughs."[20] AS 29.45.650(e) authorizes boroughs to impose liens on real or personal property to secure payment of sales or use taxes. Subsection (e) states:

> A borough may provide for the creation, recording, and notice of a lien on real or personal property to secure the payment of a sales and use tax, and the interest, penalties, and administration costs in the event of delinquency. When recorded, the sales tax lien has priority over all other liens except (1) liens for property taxes and special assessments; (2) liens that were perfected before the recording of the sales tax lien for amounts actually advanced before the recording of the sales tax lien; (3) mechanics' and materialmen's liens for which claims of lien under AS 34.35.070 or notices of right to lien under AS 34.35.064 have been recorded before the recording of the sales tax lien. This subsection

---

[19] Fed. R. Civ. P. 56(a) (effective Dec. 1, 2010). This standard is also found in former Fed. R. Civ. P. 56(c)(2) (Summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.") Under 28 U.S.C. § 2074(a) and the Order of the United States Supreme Court dated April 28, 2010, amended Fed. R. Civ. P. 56 applies to proceedings pending at the time the rule became effective, "insofar as just and practicable." *See* Order of the Supreme Court of the United States, dated April 28, 2010, regarding amendments to the Federal Rules of Civil Procedure, found at http://www.uscourts.gov/RulesAndPolicies/FederalRulemaking/Overview/RulesForms120110.aspx.

[20] AS 29.45.700(a)-(c).

applies to home rule and general law municipalities.[21]

AS 34.35.391 is Alaska's fishermen's lien statute. It provides:

> (a) A person who sells fish to a fish processor, as defined in AS 16.10.296, or to a primary fish buyer as defined in AS 16.10.296, or to a cooperative corporation organized under AS 10.15, and receives a fish ticket or a record of purchase as described in AS 16.05.690 has a lien upon the property of the fish processor, primary fish buyer, or cooperative corporation for the value of the fish.
>
> (b) A person who claims the benefit of this section shall, within 90 days of the date the fish are sold, record a claim of lien in the recorder's office of the recording district where the fish were sold.
>
> (c) The lien provided in this section is preferred, prior, and superior to a mortgage, attachment, claim or demand made or recorded in the recording district in which the property is located after the date on which the fish are delivered to the buyer of the fish.[22]

The relative priority of the tax lien and fishermen's lien appears to be an issue of first impression in Alaska. This court will follow the rules of statutory construction applied by Alaska courts in determining the issue. In general, Alaska courts "look to the meaning of the language, the legislative history, and the purpose of the statute in question."[23]

---

[21] AS 29.45.650(e).

[22] AS 34.35.391.

[23] *Muller v. BP Exploration (Alaska), Inc.,* 923 P.2d 783, 787 (Alaska 1996).

The goal is "to give effect to the legislature's intent, with due regard for the meaning the statutory language conveys to others."[24] The Alaska Supreme Court has "rejected a mechanical application of the plain meaning rule in matters of statutory interpretation, and . . . adopted a sliding scale approach instead."[25] "The plainer the statutory language is, the more convincing the evidence of contrary legislative purpose or intent must be."[26] When an issue of first impression is raised, Alaska courts adopt the rule of law "that is most persuasive in light of precedent, reason, and policy."[27]

Because there are specific rules of construction for each lien statute here, however, the general rules of construction are of secondary importance. The City of Adak argues that both liens at issue here are "to be considered remedial legislation and liberally construed."[28] It cites my decision in *In re Eagle Fisheries*[29] as authority for this proposition. *Eagle Fisheries* is distinguishable, however. It dealt solely with fishermen's liens. No sales tax liens were at issue. *Eagle Fisheries* does not support the City's contention that its tax lien is entitled to the same liberal construction as a fishermen's lien.

---

[24] *Id.*, *citing Tesoro Alaska Petroleum Co. v. State*, 746 P.2d 896, 905 (Alaska 1987).

[25] *Muller*, 923 P.2d at 787.

[26] *Id.* at 788.

[27] *Id.* at 787, *citing Foreman v. Anchorage Equal Rights Comm'n*, 779 P.2d 1199, 1201 (Alaska 1989).

[28] Mem. in Supp. of Mot. for Part'l Summ. J. (Docket No. 15), at 4.

[29] 1 A.B.R. 200, 201-202 (Bankr. D. Alaska 1990).

7

Chapter 35 of Title 34 of the Alaska Statutes deals with a wide variety of statutory liens, including a fishermen's lien. The Alaska legislature has specified that the intent of Chapter 35 "is remedial and its provisions shall be liberally construed."[30] The liens found in Chapter 13 include mechanics and materialmen liens;[31] liens for workers on mines and wells;[32] liens for those who make improvements to personal property;[33] liens for "transportation, storage and agistment;"[34] timber and lumber liens;[35] fish packers and fish processors liens;[36] fishermen's liens;[37] watchmen's liens;[38] attorney's liens;[39] liens for wages;[40] hospitals, physicians and nurses liens;[41] and hotel and boardinghouse liens.[42] Tax liens are not encompassed in Chapter 35. Instead, they are governed by Title 29, Chapter 45, of the Alaska Statutes. There is no provision in Chapter 45 to indicate that tax liens are

---

[30] AS 34.35.930.

[31] AS 34.35.050 - 34.35.120.

[32] AS 34.35.125 - 34.35.170.

[33] AS 34.35.175 - 34.35.215.

[34] AS 34.35.220 - 34.35.225.

[35] AS 34.35.230 - 34.35.315.

[36] AS 34.35.320– 34.35.390.

[37] AS 34.35.391.

[38] AS 34.35.395 - 34.35.425.

[39] AS 35.34.430.

[40] AS 34.35.435 - 34.35.445.

[41] AS 34.35.450 - 34.35.482.

[42] AS 34.35.510 - 34.35.530.

8

remedial legislation, or that they should be liberally construed. Nor are there any Alaska Supreme Court decisions that support Adak's argument. There is abundant authority against the argument, however.

As noted by Sutherland, "courts do not consider revenue laws to be remedial statutes or laws founded upon any public policy, and therefore do not liberally construe them."[43] Instead, "tax laws are strictly construed against the state and in favor of the taxpayer."[44] The Alaska Supreme Court follows this general rule of construction of tax statutes "which requires that, where possible, doubts be resolved in favor of the taxpayer."[45] Further, the United States Supreme Court has held:

> In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operation so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen.[46]

In this lien priority dispute, the affected citizen is not the taxpayer, debtor Adak Fisheries, LLC. Instead, it is the bankrupt taxpayer's creditor, Muir. However, because there

---

[43] 3A SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION § 66.1 (Norman J. Singer and J.D. Shambie Singer, eds., 7th ed. 2010), *available at* Westlaw SUTHERLAND.

[44] *Id.*

[45] *Union Oil Co. v. Department of Revenue, et al.,* 560 P.2d 21, 25 (Alaska 1977).

[46] *Gould v. Gould,* 245 U.S. 151, 153 (1917).

9

is no remedial purpose or public policy in favor of tax liens, strict construction of AS 29.45.650 favors Muir as well as the debtor.

AS 29.45.650(e) specifies that "liens that were perfected before the recording of the sales tax lien for amounts actually advanced before the recording of the sales tax lien" will prime a sales tax lien.[47] According to the City, Muir's fishermen's lien does not fit within the narrow confines of this exception because its tax lien was recorded before Muir recorded its notice of fishermen's lien. I disagree. *Exceptions* to the application of the tax lien statute should be liberally construed.[48] Fishermen's liens arise as soon as a fisherman delivers fish to a buyer and receives a fish ticket or a record of purchase.[49] Here, Muir's liens were unequivocally created when it received six Adak Fisheries fish tickets from March 17, 2009, through April 5, 2009. These liens were perfected for a period of 90 days after each fish delivery. If Muir failed to record a claim of lien within 90 days of the date of each fish ticket, its lien for that fish delivery would lapse. Although the City's tax lien was recorded 13 days before Muir's recorded lien, Muir's recording of a claim of lien relates back to the initial deliveries and liens created by the fish tickets.[50] Accordingly, Muir's fishermen's lien was perfected before the City's tax lien. To find otherwise would effectively eliminate AS

---

[47] AS 29.45.650(e)(2).

[48] Because tax lien statutes are to be strictly construed, a necessary corollary of the rule requires that exemptions to the tax lien statute be broadly construed.

[49] AS 34.35.391(a), (c).

[50] AS 34.35.391(c).

34.35.391(a) and the liens that automatically arise upon receipt of fish tickets. The City's narrow reading of the exception is unjustified.

The City also argues that fish tickets are not "amounts actually advanced," as is required for a lien to prime a sales tax lien under AS 29.45.650(e)(2). Muir delivered fish on six occasions. It was not paid for the fish. It actually advanced the value of the fish prior to the recording of the City's lien. Keeping in mind that the fishermen's lien statute is to be liberally construed,[51] as are exceptions to the application of the tax lien statute, a proper construction of AS 29.45.650(e) in this situation must recognize Muir's lien as a prior lien for the value of the fish that was actually delivered.

The City maintains that the express inclusion of mechanic's and materialmen's liens in AS 29.45.650(e)(3) as ones that will prime a sales tax lien is compelling evidence that the legislature didn't intend fishermen's liens to have priority over tax liens. I have reviewed the legislative history provided by the City and disagree with this contention. First, the legislative history is terse and there is no indication that the amendment pertaining to mechanic's and materialmen's liens was intended to have any effect on any of the other liens provided for under Chapter 35. Further, the amendment is consistent with AS 34.35.060(a), which states that mechanic's liens and materialmen's liens will not prime encumbrances which are "properly recorded" before the notice of claim of lien. "Encumbrances" protected under this provision include liens "arising other than under AS 34.35.050-AS 34.35.120,"[52]

---

[51] AS 34.35.930.

[52] AS 34.35.120(7).

11

and would presumably include tax liens. Finally, there are several other types of liens found in Chapter 35 which arise on the date that materials or services were provided, rather than the date that a notice of claim of lien was recorded.[53] While the statutory scheme requires that a lien notice must be recorded, the perfection of the lien dates back to the date the services or materials were provided, rather than the date the lien was recorded. There is absolutely nothing in the legislative history to indicate that the Alaska legislature intended to repeal these provisions when it amended AS 29.45.650(e).

Fisherman's liens are superior to "a mortgage, attachment, claim or demand made or recorded in the recording district in which the property is located after the date on which the fish are delivered to the buyer of the fish."[54] A tax lien is an "attachment, claim or demand" for the payment of delinquent taxes, and falls within the meaning of the fisherman's lien statute. The City's tax lien was recorded after Muir delivered fish to the debtor and received fish tickets for their delivery. Muir's fishermen's liens are superior to the City's tax liens under AS 34.35.391(c).

---

[53] *See, e.g.*, AS 34.35.135 (lien for work on mines or wells arises upon the start of work and is superior to claims recorded after the work has been started); AS 34.35.200 (lien for improvement of chattels attaches after the start of labor or services or the furnishing of materials and is superior not only to encumbrances which attach to the chattel after the work has commenced, but also to encumbrances that attached *before* that time, if the person providing the services or material did not have notice of the prior encumbrance); AS 34.35.340(a) (fish packer's and processor's lien is superior to claims recorded after the commencement of work or the provision of materials for which the lien is claimed); AS 34.35.425(a) (a watchman's lien primes liens recorded after the commencement of the work for which the lien is claimed).

[54] AS 34.35.391(c).

12

My analysis here would be incomplete without a brief discussion of the district court's decision in *In re King Fisher Fisheries, LLC*.[55] *King Fisher* involved an appeal of several issues from this court. One of those issues involved the priority of certain fishermen's liens versus packer and processor liens, each of which claimed a statutory preference. I had found that the fishermen's lien trumped the packer and processor liens.[56] The district court disagreed and found these liens should be pro-rated under AS 34.35.360(b), which provides a mechanism for apportioning several liens for labor or materials provided against specific property. This statute is inapplicable here because the City has not provided any labor or materials to the debtor. Additionally, as noted above, the tax lien statute is subject to different rules of construction than the remedial lien provisions found in Chapter 35. *King Fisher* is inapplicable to the case at bar.

Conclusion

The City of Adak's motion for partial summary judgment will be denied. Muir Milach Management's cross-motion for summary judgment will be granted, in part. An interlocutory order will be entered consistent with this memorandum. No final judgment will issue until all remaining issues are resolved, on the merits, after trial.

DATED: December 30, 2010.

BY THE COURT

---

[55] 7 A.B.R. 251 (D. Alaska 2002).

[56] *In re King Fisher Fisheries, LLC,* 7 A.B.R. 162 (Bankr. D. Alaska 2001)

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:     D. Bundy, Esq. (for plaintiff)
             E. Leroy, Esq. (for defendant Kenneth Battley)
             B. Chandler, Esq. (for defendant City of Adak)

12/30/10